**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pure Wafer, Inc., | No. CV-13-08236-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| City of Prescott et al., | |
| Defendants. | |

Pending before the Court are Plaintiff Pure Wafer, Inc. ("Pure Wafer")'s Motion for Attorneys' Fees (Doc. 93) and Defendant City of Prescott (the "City")'s Motion to Strike Pure Wafer's "Addendum to Plaintiff's Reply" (Doc. 103). The Court now rules on the motions.

**I.   MOTION TO STRIKE**

The Court first considers the City's motion to strike because if granted, it would narrow the evidence before the Court in considering Pure Wafer's motion for attorneys' fees. Approximately two weeks after Pure Wafer filed its reply in support of its motion, it filed an "addendum" (Doc. 102) to its reply, which consists of new evidence and assertions in an attempt to reinforce Pure Wafer's argument that the Court should award attorneys' fees for work performed prior to its filing the complaint. (Doc 102 at 1–2). Among the new evidence are billing records documenting attorneys' fees charged by the City's counsel that Pure Wafer obtained by a public records request. (*Id.*) The City moves to strike Pure Wafer's addendum. (Doc. 103).

### A.   Legal Standard

Local Rule of Civil Procedure ("Local Rule") 7.2 governs the filing of motions to strike, and provides that "a motion to strike may be filed only if it is authorized by statute or rule . . . or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m)(1). "An objection to (and any argument regarding) the admissibility of evidence offered in support of or opposition to a motion must be presented in the objecting party's responsive or reply memorandum and not in a separate motion to strike or other separate filing." *Id.* 7.2(m)(2).

### B.   Analysis

First, the Court finds that the City's motion to strike is procedurally proper under Local Rule 7.2(m)(1) as the City argues in the motion that the Court should strike Pure Wafer's addendum because it is "not authorized by any applicable rules." (Doc. 103 at 2). The Court now turns to the substance of the City's arguments.

Local Rule 7.2 governs all motions and filings in civil litigation, including, for example, memoranda by the moving party, responses, and replies. Local Rule 54.2 specifically governs claims for attorneys' fees and refers back to Local Rule 7.2 as governing any response or reply filings subsequent to a motion for attorneys' fees. LRCiv 54.2(b)(3). Neither Local Rule 7.2 nor Local Rule 54.2 provides for an "addendum" to a reply or any filing of a similar nature. Thus, the Court finds that the Local Rules of Civil Procedure do not authorize Pure Wafer's addendum.

Pure Wafer argues that "the Court has an inherent power to allow deviation from Local Rules . . . when a moving party learns that its adversary had withheld important information that should have been available when an earlier pleading was withheld." (Doc. 104 at 1). Pure Wafer states that the City failed to fulfill its obligation to make good faith efforts under Local Rule 54.2 by refusing to provide the number of hours the City's counsel billed the City for work on this matter from its inception. (*Id.* at 1–2). Pure Wafer further contends that this lack of good faith effort on the part of the City

necessitated Pure Wafer taking extra time to seek the billing information via public records requests, thus justifying the Court's allowance of the addendum despite its incongruence with the Local Rules. The pertinent part of Local Rule 54.2 states:

> No motion for award of attorneys' fees will be considered unless a separate statement of the moving counsel is attached to the supporting memorandum certifying that, after personal consultation and good faith efforts to do so, the parties have been unable to satisfactorily resolve all disputed issues relating to attorneys' fees or that the moving counsel has made a good faith effort, but has been unable, to arrange such conference.

LRCiv 54.2(d)(1).

Even assuming, *arguendo*, that Local Rule 54.2(d)(1) imposes upon the City, as the nonmoving party, an obligation to make a good faith effort to resolve any disputes, Pure Wafer fails to show that the City was obligated, as part of that good faith effort, to share its own counsel's billing records. Local Rule 54.2 sets forth the factors that a moving party should discuss to justify the reasonableness of the requested attorneys' fee award. LRCiv 54.2(c)(3). That provision does not include among the thirteen relevant factors the comparable fees or hours billed by the nonmoving party's counsel. *Id.* Although the list is nonexclusive, *id.*, exclusion of this factor from the list indicates it is not inherently relevant to the determination of reasonableness of the moving party's attorneys' fees. This weighs against finding a lack of good faith on the part of the City for its refusal to provide documentation of its own attorneys' fees. Furthermore, despite the City's refusal to share this information, Pure Wafer certified to the Court in its Statement of Consultation that the parties *did* satisfy the good faith requirements of Local Rule 54.2(d)(1): "After personal consultation and good faith efforts to do so, the parties were unable to satisfactorily resolve all dispute issues relating to attorneys' fees." (Doc. 93-1 at 3). Thus, even if the Court could deviate from the Local Rules of Civil Procedure to accommodate for a party's lack of good faith, the Court finds that Pure Wafer has not presented sufficient grounds for the Court to do so here.

For the foregoing reasons, the Court will grant the City's motion to strike and, accordingly, will disregard Pure Wafer's addendum in considering the motion for attorneys' fees.

## II. MOTION FOR ATTORNEYS' FEES

Pure Wafer seeks an award of $234,468 in its motion for attorneys' fees (Doc. 93 at 12–13) as well as an additional $6,465 for additional fees incurred in composing the reply (Doc. 100 at 10-11).[1] The parties do not dispute that (a) the action in this case arises "out of a contract," (b) Pure Wafer was successful on the merits of its action, and (c) Pure Wafer is entitled to reasonable attorneys' fees. (Doc. 93; Doc. 97; Doc. 100). Rather, the parties dispute the amount of attorneys' fees the Court should award to Pure Wafer. (Doc. 97; Doc. 100). The City argues that the Court should reduce that award by at least $90,164.50 for several reasons (Doc. 97), each of which is discussed below.

### A. Background

Assuming familiarity with the factual and procedural history of this action, the Court will recount only those aspects of this litigation that are relevant to the pending issue of attorneys' fees and costs. *See Pure Wafer, Inc. v. City of Prescott, et al.*, ___ F. Supp. 2d ___, 2014 WL 1515143, at *2–8 (D. Ariz. 2014).

At issue in this case is the City's enactment of an ordinance (the "Ordinance") that imposes new requirements upon sewer users and sets forth new local limits for the concentrations of certain chemicals in users' effluent. *Id.* at *7–8. The City informed Pure Wafer in a March 5, 2013 letter that it would enact the Ordinance limiting Pure Wafer's discharge of fluoride in its effluent to amounts less than those agreed upon by the parties in a previous contract (the "Agreement"). *Id.* at *7. The City subsequently enacted the Ordinance on May 28, 2013. *Id.*

---

[1] In its reply, Pure Wafer for the first time also requests that that the Court grant an additional $1,448.25 in costs the Clerk determined are not taxable. (Doc. 100 at 10–11). The Court declines to consider this request because the City has not been given the opportunity to respond. *See Cedano–Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief.").

- 4 -

On September 27, 2013, Pure Wafer filed its initial complaint, seeking temporary and permanent injunctive and declaratory relief against the City's enforcement of certain provisions of the Ordinance. (Doc. 1 ¶ 145). During the hearing on Pure Wafer's motion for a preliminary injunction, the parties and the Court agreed upon a stipulated order to advance the trial on the merits, consolidate the trial with the preliminary injunction hearing, and not file summary judgment motions. (Doc. 53; Doc. 61). After the consolidated preliminary injunction hearing and bench trial, the Court issued its decision, entering judgment for Pure Wafer and against the City on Pure Wafer's claims. (Doc. 87 at 32). With respect to attorneys' fees, the Court held:

> Pure Wafer requests fees pursuant to 42 U.S.C. § 1988, A.R.S. § 12-341.01, and section 14.16 of the Agreement. (Doc. 19 at 23). Because Pure Wafer has prevailed on a matter arising out of contract (specifically, the Agreement) and the Ordinance deprives Pure Wafer of its constitutional rights, all three of these authorities support a fee award. Thus, Pure Wafer is entitled to its reasonable attorneys' fees and costs.

(Doc. 87 at 31 (citing *S. Cal. Gas Co v. City of Santa Ana.*, 336 F.3d 885, 886–87 (9th Cir. 2003) (holding that a Contract Clause violation gives rise to a 42 U.S.C. § 1983 claim and a corresponding award of attorneys' fees under section 1988(b))); A.R.S. § 12-341.01 ("In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees."); (Tr. Ex. 3 § 14.16) ("In . . . any action in any court . . . to enforce any covenant or any of such party's rights or remedies under this Agreement, including any action for declaratory or equitable relief, the prevailing party shall be entitled to reasonable attorneys' fees and all reasonable costs, expenses and disbursements in connection with such action.")). Pure Wafer subsequently filed the instant motion for attorneys' fees. (Doc. 93).

**B.     Legal Standard**

Local Rule 54.2 provides the procedural mechanism for moving for attorneys' fees. *See* LRCiv 54.2(b)–(e). This rule sets forth the required content of the memorandum in support of the motion (including a discussion of the reasonableness of the requested

- 5 -

award), the necessary supporting documentation (including a task-based itemized statement of fees and expenses), and the format and description requirements of the itemized statement. *Id.* Portions of the Local Rule are referenced below as they pertain to the specific issues analyzed by the Court.

**C.  Analysis**

Pure Wafer requests a total award of $240,933 in attorney fees. (Doc. 93 at 12–13; Doc. 100 at 10-11). The City argues that the Court should reduce Pure Wafer's award on several different grounds, which the Court now addresses.

**1.  Pure Wafer's Compliance with Local Rule 54.2(e)**

The City contends that the award sought by Pure Wafer should be reduced by at least $90,164.50 based on Pure Wafer's failure to comply with Local Rule 54.2(e). (Doc. 97 at 3–5). Local Rule 54.2(e) articulates the formatting and specificity requirements of the moving party's itemized account of legal services rendered. LRCiv 54.2(e)(1)–(2). "Part of the court's task in calculating the fee award, is to ensure that the party seeking fees meets its 'burden of documenting the hours expended in litigation and' that that party has 'submit[ted] evidence supporting those hours and the rates claimed.'" *Rudebusch v. Arizona*, No. 95-CV-1313-PCT-RCB, 2007 WL 2774482, at *8 (D. Ariz. Sept. 21, 2007) (quoting *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007)). The Supreme Court authorizes district courts to reduce an award "where the documentation is inadequate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

**a.  Separation of Multiple Distinct Tasks into Different Time Entries under Local Rule 54.2(e)(1)–(2)**

The City first argues that Pure Wafer failed to comply with Local Rule 54.2(e) by submitting documentation of time entries that "are vague and uniformly include multiple distinct tasks," representing 86.3 hours billed and charges of $30,406.50. (Doc. 97 at 5; Doc. 97-2 at 14–16). The City claims these entries violate Local Rule 54.2(e) by failing to reflect "time devoted to each individual unrelated task performed on such day" (Doc. 97-2 at 14 (quoting LRCiv 54.2(e)(1)(B))), thereby "impinging on the Court's ability to evaluate the reasonableness of [the] charge[s] . . ." (*id.* (citing LRCiv 54.2(e)(2))). Pure

- 6 -

Wafer argues that these entries do not violate Local Rule 54.2(e)(1)(B) because the tasks cited within each entry are directly related to each other, not "unrelated." (Doc. 100 at 6–7).

> The pertinent portion of that Rule 54.2(e) states:
>
>> Unless otherwise ordered, the itemized account of the time expended and expenses incurred shall be in the format described in this Local Rule.
>> (1) **Format**. The itemized statement for legal services rendered shall reflect, in chronological order, the following information:
>> (A) The date on which the service was performed;
>> (B) The time devoted to each individual *unrelated* task performed on such day;
>> (C) A description of the service provided; and
>> (D) The identity of the attorney, paralegal, or other person performing such service.
>> (2) **Description of Services Rendered**. The party seeking an award of fees must adequately describe the services rendered so that the reasonableness of the charge can be evaluated. In describing such services, however, counsel should be sensitive to matters giving rise to issues associated with the attorney-client privilege and attorney work-product doctrine, but must nevertheless furnish an adequate nonprivileged description of the services in question. If the time descriptions are incomplete, or if such descriptions fail to adequately describe the service rendered, the court may reduce the award accordingly.

LRCiv 54.2(e)(1)–(2) (emphasis added). "Where the Court cannot distinguish between the time claimed for the various tasks, the Court will reduce the award accordingly." *Moshir v. Automobili Lamborghini Am. LLC*, 927 F. Supp. 2d 789, 799 (D. Ariz. 2013). However, "[b]lock-billing is not inappropriate *per se* when the party seeking fees meets the basic requirements of 'listing his hours and identifying the general subject matter of his time expenditures.'" *Id.* (quoting *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000)); *see also Hensley*, 461 U.S. at 433 (1983) (stating that although the fee applicant bears the burden of submitting "evidence supporting the hours worked and rates claimed," an applicant is "not required to record in great detail how each minute of his time was expended").

After an independent review of Pure Wafer's itemized statement, the Court finds that in those time entries that contain multiple tasks, the tasks are sufficiently related to each other that their incorporation into the same entry does not violate Local Rules 54.2(e)(1)(B) or 54.2(e)(2). For example, the City contends that the following time entry submitted by Pure Wafer fails to meet the requirements of these Local Rules: "FACT AND CITE CHECKING OF MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF FACTS AND REVISE ACCORDINGLY." (Doc. 100-1, at 15; 93-1 at 9). The tasks listed in this entry—fact and cite checking the motion and the corresponding statement of facts, and revising the two accordingly—are sufficiently related to permit the Court to evaluate the reasonableness of the corresponding attorney work hours billed. All of the compound entries cited by the City as violating Local Rule 54(e)(1)(B) contain tasks that are similarly related. (Doc. 97-2 at 14–16). Thus, the Court will not reduce the award for Pure Wafer's use of compound time entries as it finds they comply with the documentation requirements of Local Rule 54(e)(1)(B).

          **b.    Insufficiently Detailed Legal Research Time Entries under Local Rule 54.2(e)(2)(B)**

The City also argues that Pure Wafer's attorneys' fees award should be reduced for failure of Pure Wafer's counsel to specify in several entries the particularity of the legal research being done, in violation of Local Rule 54.2(e)(2)(B). (Doc. 97 at 5; Doc. 97-2 at 18). These entries represent 18.5 billed hours and $6,538 in attorneys' fees. (Doc. 97 at 5; Doc. 97-2 at 18). Local Rule 54.2(e)(2)(B) states:

> **Legal Research**. This time entry must identify the specific legal issue researched and, if appropriate, should identify the pleading or document the preparation of which occasioned the conduct of the research. Time entries simply stating 'research' or 'legal research' are inadequate and the court may reduce the award accordingly.
> Ex.: Work on motion for summary judgment including (1) legal research re statute of limitations applicable to Title VII cases and (2) factual investigation pertaining to claimed discrimination.

1  LRCiv 54.2(e)(2)(B). Pure Wafer argues that none of the entries cited by the City as violating this rule simply states "research" or "legal research," and each offers at least some specificity as to the topic researched or the document for which the research was done. (Doc. 100 at 7–8). Pure Wafer also argues that some of the legal research listed with only with the corresponding pleading or document, but without an apparent specified legal issue, was done in an effort to understand the procedural aspects of those pleadings, so they do in fact include the issue. (*Id.*)

Having independently reviewed Pure Wafers' attorneys' time entries regarding legal research, the Court finds that several fail to comply with the specificity requirements of Local Rule 54.2(e)(2)(B). The Local Rule is clear in that a time entry for legal research must identify foremost the "specific legal issue researched," and only secondarily the corresponding pleading or document, "if appropriate." *Id.* Several of the time entries submitted by Pure Wafer's counsel for time expended on legal research list the corresponding document but do not list the specific legal issue researched. For example, one entry for 4.5 billed hours provides the following description: "LEGAL RESEARCH ON ISSUES FOR SUMMARY JUDGMENT MOTION." (Doc. 93-1 at 17; Doc. 97-2 at 18). This entry lists the corresponding document as the summary judgment motion but does not identify the specific legal issue researched, thereby failing to meet the documentation requirements of Local Rule 54.2(e)(2)(B). Pure Wafer claims a total of $6,096 in attorneys' fees that are supported by such deficient legal research descriptions.[2] The Court will reduce the award of attorneys' fees to Pure Wafer by that amount for failure to comply with Local Rule 54.2(e)(2)(B). However, the Court will not reduce the award for time entries that reflect a reasonable amount of research into the procedural mechanisms of a particular motion or pleading, as inclusion of the name of the motion sufficiently describes the issue researched.[3]

---

[2] The entries are: 10/31/2013, SLS, 4.5 hours; 12/4/2013, KLM, 1.1 hours; 2/26/2014, SLS, 3.5 hours; 2/27/2014, SLS, 2.5 hours; 4/24/2014, SLS, 2.8 hours; 4/25/2014, SLS, 2.8 hours. (Doc. 97-2 at 18).

[3] Such entries include: 8/15/2013, SLS, 0.4 hours; 8/19/2013, SLS, 0.3 hours;

- 9 -

        **c.**      **Failure to Adequately Identify the Nature of Tasks under Local Rule 54.2(e)(2)(C)**

The City also argues that Pure Wafer's attorneys' fees award should be reduced for failure of Pure Wafer's counsel to meet the documentation requirements of Local Rule 54.2(e)(2)(C). (Doc. 97 at 4–5; Doc. 97-2 at 20–24). The City alleges that dozens of Pure Wafer's attorneys' time entries for preparation of pleadings and other papers fail to identify the activities associated with the preparation. (*Id.*) Pure Wafer contends that several of these entries targeted by the City identify the specific activity in as much detail as can possibly be expected. (Doc. 100 at 8; Doc. 100-1 at 21–24). The other entries, Pure Wafer argues, are still sufficient in that they "list[] the hours expended and identif[y] 'the general subject matter of [the] expenditures.'" (Doc. 100 at 8 (quoting *United States v. Bus. Recovery Servs., LLC*, No. CV11-390-PHX-JAT, 2012 WL 748324, at *5 (D. Ariz. Mar. 8, 2012)).

Local Rule 54.2(e)(2)(C) states: "**Preparation of Pleadings and Other Papers**. This time entry must identify the pleading, paper or other document prepared and the activities associated with its preparation. Ex.: Prepare first amended complaint including factual investigation underlying newly asserted Lanham Act claim and legal research related to elements of such claim." LRCiv 54.2(e)(2)(C). Pure Wafer's reliance on *Business Recovery Services* as supporting an award for entries that merely list the hours expended and describe only a general subject matter of the expenditures is inapt, as the Court was referring specifically to the requirements of Local Rule 54.2(e)(1), not 54.2(e)(2)(C). 2012 WL 748324, at *5. After an independent review of Pure Wafer's attorneys' billing records, the Court finds that several time entries fail to comply with the specificity requirements of Local Rule 54.2(e)(2)(C).[4] These deficient entries identify the

---

12/13/2013, SLS, 0.6 hours. (Doc. 97-2 at 18).

[4] These entries are: 8/7/2013, SLS, 1.7 hours; 8/8/2013, SLS, 4.2 hours; 8/9/2013, SLS, 1.2 hours; 8/12/2013, SLS, 5 hours; 8/13/2013, SLS, 4.8 hours; 9/26/2013, KLM, 0.9 hours; 9/26/2013, KLM, 2.9 hours; 10/1/2013, KLM, 0.9 hours; 10/23/2013, SLS, 1.5 hours; 10/24/2013, SLS, 0.2 hours; 10/25/2013, SLS, 4.5 hours; 10/28/2013, SLS, 5.5 hours; 11/2/2013, KLM, 0.3 hours; 11/4/2013, KLM, 2.2 hours; 11/12/2013, SLS, 3.3 hours; 11/13/2013, SLS, 6.1 hours; 11/14/2013, KLM, 3.9 hours; 11/15/2013, KLM, 1.2

pleading or other document prepared, but they fail to identify the activities associated with the preparation. For example, several entries provide the following description: "WORK ON APPLICATION FOR PRELIMINARY INJUNCTION." (Doc. 97-2 at 20). These entries identify the relevant document as an application for a preliminary injunction, but do not specify the activities performed in relation to that application. The total amount billed for work that corresponds with these and other similarly deficient entries is $44,826.[5] The Court will further reduce the award of attorneys' fees to Pure Wafer by this amount for failure to comply with Local Rule 54.2(e)(2)(c).

### 2. Attorneys' Fees Incurred by Pure Wafer Prior to Filing a Claim

Pure Wafer claims entitlement to fees incurred as early as March 5, 2013, when it received a letter from the City that put Pure Wafer on notice that the City planned to enact the Ordinance. (Doc. 93-1 at 9; Doc. 100 at 3). The City argues that Pure Wafer may not recover $29,274.00 in attorneys' fees incurred prior to adoption of the Ordinance on May 28, 2013 because the violations alleged in the complaint had not yet occurred and Pure Wafer incurred those fees engaging in a "lobbying effort" and in analysis of its various potential courses of action. (Doc. 97 at 6; Doc. 97-2 at 26–29). The City also argues that Pure Wafer is not entitled to $6,056.00 in attorneys' fees incurred for pre-complaint investigation conducted between enactment of the Ordinance on May 28, 2013 and the filing of the complaint on September 27, 2013. (Doc. 97 at 7). Pure Wafer argues the March 5, 2013 letter sent by the City "put Pure Wafer on notice of the City's intent to

---

hours; 11/15/2013, SLS, 1.9 hours; 11/16/2013, KLM, 2.4 hours; 11/18/2013, KLM, 1.2 hours; 11/18/2013, KLM, 1.1 hours; 1/27/2014, SLS, 5.3 hours; 1/28/2014, SLS, 5.5 hours; 1/29/2014, SLS, 7.5 hours; 2/3/2014, SLS, 2.5 hours; 2/5/2014, KLM, 0.6 hours; 2/6/2014, KLM, 1.5 hours; 2/12/2014, SLS, 3.5 hours; 2/13/2014, SLS, 5.2 hours; 2/14/2014, SLS, 1.8 hours; 2/17/2014, SLS, 6.5 hours; 2/18/2014, SLS, 4.6 hours; 2/19/2014, SLS, 4.5 hours; 2/25/2014, KLM, 0.9 hours; 2/26/2014, SLS, 3.5 hours; 4/21/2014, SLS, 4.5 hours; 4/24/2014, SLS, 2.8 hours; 4/25/2014, SLS, 2.8 hours (Doc. 97-2 at 20–24); 5/20/2014, SLS, 4.5 hours; 5/21/2014, SLS, 3.5 hours; 5/22/2014, SLS, 3.5 hours (Doc. 100-1 at 27).

[5] *See supra* note 4. This total excludes, however, those entries for which the Court already made a reduction due to lack of compliance with Local Rule 54.2(e)(2)(B). *See supra* II.C.1.b. Those redundant entries are: 2/26/2014, SLS, 3.5 hours; 4/24/2014, SLS, 2.8 hours; 4/25/2014, SLS, 2.8 hours. (Doc. 97-2 at 23-24; Doc. 97-2 at 18).

enact the Ordinance and notice that, despite the clear contractual terms of the Development Agreement, the City's position was that Pure Wafer . . . would be obligated to . . . comply with the Ordinance." (Doc. 100 at 3). Pure Wafer contends that its pre-complaint investigation began at that time, and thus attorneys' fees incurred at that point going forward are awardable because they are connected to the litigation of this case. (*Id.*)

As cited above, the Court found that Pure Wafer, having been successful on the merits of its claim, is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988, A.R.S. § 12-341.01, and section 14.16 of the Agreement. *Supra* II.A.2 (Doc. 87 at 31). Thus, to the extent that any of these bases justify an award of a particular portion of Pure Wafer's pre-complaint claimed attorneys' fees, such fees are potentially compensable.

The pertinent language of section 1988 does not specify when in the course of litigation or its preceding legal activities, attorneys' fees become eligible for award: "In any action or proceeding . . . the court, in its discretion may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). However, the Supreme Court stated, in reference to an award pursuant to section 1988: "Of course, some of the services performed before a lawsuit is formally commenced by the filing of a complaint are performed 'on the litigation.' Most obvious examples are the drafting of the initial pleadings and the work associated with the development of the theory of the case." *Webb v. Bd. of Educ. of Dyer Cnty., Tenn.*, 471 U.S. 234, 243 (1985) (holding that a teacher who prevailed in section 1983 action challenging termination of his employment was not entitled to attorney fees for efforts by his counsel in pursuing optional administrative proceedings with the local school board prior to filing suit). In denying a portion of the award of fees to the plaintiff in *Webb*, the Supreme Court also noted, "The petitioner made no suggestion below that any discrete portion of the work product from the administrative proceedings was work that was both useful and of a type ordinarily necessary to advance the civil rights litigation to the stage it reached before settlement." *Id.* At least one recent federal court has found that attorneys' fees for pre-

complaint investigation and preparation for filing are awardable under section 1988. *See, e.g., Prison Legal News v. Columbia Cnty.*, No. 3:12-CV-00071-SI, 2014 WL 1225100, at \*9 (D. Or. Mar. 24, 2014) (awarding attorneys' fees for pre-litigation investigation and preparation of the complaint, though assessing a ten percent reduction to the $42,834 in fees claimed for that work for excessiveness).

A.R.S. § 12-341.01 states: "The award of reasonable attorney fees pursuant to this section should be made to mitigate *the burden of the expense of litigation* to establish a just claim or a just defense. It need not equal or relate to the attorney fees actually paid or contracted . . ." A.R.S. § 12-341.01(B) (emphasis added). Under this statute, attorneys' fees incurred by way of "pre-complaint investigation and evaluation of the potential claim" are recoverable as "part of the process and expense of litigation." *First Nat'l Bank of Ariz. v. Cont'l Bank*, 673 P.2d 938, 944 (Ariz. Ct. App. 1983); *see also Main I Ltd. P'ship v. Venture Capital Constr. & Dev. Corp.*, 741 P.2d 1234, 1239 (Ariz. Ct. App. 1987) (fees incurred by the plaintiff prior to filing its complaint—in an effort to protect its interests from the threat of a lawsuit on the same issue by the defendant—were awardable). However, although a court can award fees for pre-complaint investigation, there is no presumption of validity for such claims. *Travelers Indem. Co. v. Crown Corr, Inc.*, No. CV 11-0965-PHX-JAT, 2012 WL 2798653, at \*6 (D. Ariz. July 9, 2012) ("Pre-complaint work is considered part of the process of litigation and can be included in award for fees. . . [However], this Court cannot find any authority which justifies a presumption of the validity of pre-complaint fees and expenses.") In *Travelers*, the Court concluded that attorneys' fees for pre-complaint litigation could be awarded if the documented time entries sufficiently describe the services rendered so as to allow the Court to determine they are reasonably connected to the litigation. *Id.* at \*6–7.

Finally, the pertinent part of section 14.16 of the parties' Agreement states: "In any . . . action . . . the prevailing party shall be entitled to reasonable attorneys' fees . . . in connection with such action." (Ex. 3 § 14.16). The Court finds that a reasonable interpretation of the language here also allows for an award of attorneys' for pre-

1  complaint investigation and preparation insofar as the specific fees are reasonable and
2  connected to the court action. Thus, the Court finds that 42 U.S.C. § 1988, A.R.S. § 12-
3  341.01, and section 14.16 of the Agreement each independently allow for the Court to
4  award Pure Wafer reasonable attorneys' fees for pre-complaint investigation and
5  preparation, including evaluation of the potential claim, to the extent that such work is
6  sufficiently described in the corresponding time entries so as to establish the work's
7  relevance to the filed complaint.

8  Having independently reviewed the time entries submitted by Pure Wafer between
9  the dates of March 5, 2013 and September 27, 2013 (both before and after the enactment
10 of the Ordinance on May 28, 2013), the Court finds that many of the entries document
11 activities that fall within the scope of reasonable pre-complaint investigation and
12 preparation for litigation. The Court will not reduce Pure Wafer's claimed award for
13 those entries, even if they may have also been made as part of Pure Wafer's lobbying
14 effort. For example, on March 7, 2013, Pure Wafer's counsel recorded 1.1 hours
15 expended for the following activity: "REVIEW CASES AND STATUTES ON
16 FEDERAL COURT JURISDICTION AND VENUE FOR LITIGATION OPTION."
17 (Doc. 93-1 at 9). This activity occurred before both the complaint and the enactment of
18 the Ordinance and may have been connected to Pure Wafer's efforts to negotiate with the
19 City. (*Id.*) The Court finds that it is awardable under the umbrella of pre-complaint
20 investigation and preparation. Although Pure Wafer's ultimate claim against the City may
21 not have been ripe yet, Pure Wafer was justified in anticipation of the suit and the work
22 done at that point was "both useful and of a type ordinarily necessary to advance the . . .
23 litigation" in which Pure Wafer was eventually successful. *Webb*, 471 U.S. at 243.

24 However, the Court also finds that many other entries documented by Pure
25 Wafer's counsel are not eligible for an award of attorneys' fees. Specifically, many of the
26 pre-complaint entries, corresponding with $15,866 in claimed fees, do not sufficiently
27 establish that the corresponding attorney work was connected to investigation or
28 preparation for litigation, and may have simply been efforts to negotiate with the City or

lobby for a more favorable outcome in the political arena.[6] One example of such an entry was made by Pure Wafer's counsel on March 8, 2013: "DRAFT LETTER TO MAYOR AND COUNCIL REGARDING PROPOSED ORDINANCE." (Doc. 93-1 at 9; Doc. 97-2 at 27). The Court cannot reasonably determine from this description that the task documented constituted awardable pre-complaint investigation or preparation activities, or evaluation of the potential claim, or that this activity would ordinarily be necessary to advance Pure Wafer's later filed claim. The Court will reduce Pure Wafer's award of attorney's fees by $15,866 for entries reflecting activities prior to filing the complaint that are not described so as to establish their connection to the litigation.[7]

### 3. Attorneys' Fees Incurred by Pure Wafer for Regulatory Compliance Work

The City also argues that attorneys' fees incurred by Pure Wafer for activities related to regulatory compliance, both before and after the filing of its claim, are not awardable. (Doc. 97 at 7; Doc. 97-2 at 33). Specifically, the City points to time entries ranging from August 1, 2013 to December 6, 2013 that describe work done by Pure Wafer's counsel solely in an effort to obtain a permit the City required of Pure Wafer pursuant to the newly enacted Ordinance and a corresponding pretreatment program. (Doc. 97-2 at 33). The total amount of attorneys' fees claimed by Pure Wafer

---

[6] These entries are all those listed by the City in Document 97-2, pages 26 through 31, with the following exceptions: 3/5/2013, KLM, 0.3 hours; 3/5/2013, KLM, 0.2 hours; 3/5/2013, KLM, 5.2 hours; 3/6/2013, KLM, 0.7 hours; 3/6/2013, KLM, 1.9 hours; 3/6/2013, KLM, 1.5 hours; 3/7/2013, KLM, 2.1 hours; 3/7/2013, KLM, 1.1 hours; 3/7/2013, KLM, 2.5 hours; 3/7/2013, KLM, 0.3 hours; 3/7/2013, SLS, 1.2 hours; 3/8/2013, KLM, 0.5 hours; 3/08/2013, KLM, 1.1 hours; 3/08/2013, SLS, 4.5 hours; 3/11/2013, KLM, 0.9 hours; 3/11/2013, KLM, 0.9 hours; 3/11/2013, KLM, 2 hours; 3/12/2013, KLM, 1.4 hours; 3/12/2013, KLM, 2.5 hours; 3/14/2013, KLM, 0.3 hours ("REVISE DRAFT OF COMPLAINT"); 3/15/2013, KLM, 0.3 hours; 3/18/2013, KLM, 0.2 hours ("FINALIZE COMPLAINT . . ."); 3/20/2013, KLM, 0.6 hours; 3/21/2013, KLM, 0.3 hours; 3/21/2013, KLM, 1.2 hours; 3/22/2013, KLM, 0.7 hours; 3/22/2013, KLM, 0.8 hours; 4/8/2013, KLM, 0.1 hours; 4/8/2013, KLM, 0.1 hours; 7/29/2013, KLM, 1.2 hours; 8/20/2013, KLM, 1.7 hours; 8/20/2013, KLM, 0.8 hours; 9/15/2013, KLM, 0.5 hours; 9/16/2013, KLM, 1 hour; 9/20/2013, KLM, 0.9 hours; 9/24/2013, KLM, 0.4 hours; 9/26/2013, KLM, 0.9 hours; 9/26/2013, KLM, 0.8 hours; 9/27/2013, KLM, 0.2 hours.

[7] None of the fees associated with this reduction in the award are duplicative with those associated with the reductions above. *Supra* II.C.1.b-c.

corresponding with these entries is $736.00. (*Id.*) Pure Wafer argues that its counsel only performed that regulatory compliance work because of the City's enactment of the Ordinance. (Doc. 100 at 9−10). Pure Wafer contends that the regulatory compliance work is "related to the litigation" and thus awardable. (*Id.*)

Pure Wafer cites to *Schrum v. Burlington North Santa Fe Railway Co.*, in which the court held that, because the "plaintiff's failure to mitigate his damages and seek alternative employment was an issue in the underlying litigation," time spent by defendant's counsel litigating the issue of plaintiff's return to work was compensable. No. CIV 04-0619-PHX-RCB, 2008 WL 2278137, at *8 (D. Ariz. May 30, 2008). The Court finds however, that *Schrum* is distinguishable from the present case. Unlike the employment issue in the litigation in *Schrum*, whether or not Pure Wafer attempted to obtain the permit required by the City, pursuant to its unconstitutional Ordinance, was not an issue in the instant litigation. Although Pure Wafer alleges its efforts to obtain the permit were connected to the litigation here, a more accurate characterization would be that those regulatory compliance efforts are connected to the City's actions *that gave rise* to the litigation. The attempt to obtain the permit and the litigation are two discrete avenues pursued by Pure Wafer in an attempt to redress the same action by the City. The Court finds that attorneys' fees for these regulatory compliance efforts are not awardable. Consequently, having reviewed the Pure Wafer's fee statement, the Court will further reduce Pure Wafer's award of attorneys'fees by $736.00, the full amount associated with regulatory compliance work that has not already been addressed with above reductions.[8]

### 4.  Attorneys' Fees Incurred by Pure Wafer for Work on a Motion for Summary Judgment that was Never Filed

The City argues that Pure Wafer's award for attorneys' fees should be reduced by an additional $17,118.00, the amount of fees claimed for work performed by Pure Wafer's counsel on a "Motion for Summary Judgment and Supporting Facts" that was never filed with the court. (Doc. 97 at 7−8). Pure Wafer states that its counsel worked on

---

[8] These entries include all those listed by the City in Document 97-2, page 33.

that motion before the parties and the Court agreed to advance the trial on the merits, consolidate it with the preliminary injunction hearing, and not file motions for summary judgment. (Doc. 100 at 5). Pure Wafer argues this agreement was unforeseen, making the prior efforts on the motion awardable despite the lack of filing. (*Id.*) Pure Wafer also argues that it used the substance of that motion to prepare its Post-Hearing Brief, making changes only as necessary to reflect the testimony at the hearing. (*Id.*) Neither party cites to any legal authority for their respective propositions. (Doc. 97 at 7–8; Doc. 100 at 4–5).

Section 14.16 of the parties' Agreement states: "In any . . . action . . . the prevailing party shall be entitled to *reasonable attorneys' fees . . . in connection with such action*" (emphasis added). The Court finds nothing unreasonable in Pure Wafer's claim for fees associated with the motion for summary judgment despite it having never been filed. Pure Wafer's work on that motion was a reasonable, if not expected, step in the litigation process that became moot only due to an unforeseen change in the course of litigation. Furthermore, under section 1988, "the general rule [is] that plaintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in the lawsuit." *Cabrales v. Cnty. of L.A.*, 935 F.2d 1050, 1052 (9th Cir. 1991) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)) (holding that prevailing plaintiff who was unsuccessful in opposing the defendant's first petition for certiorari, but who ultimately prevailed when Supreme Court denied defendant's second petition for certiorari, was entitled under section 1988 to recover attorney fees incurred in opposing both petitions). A party's motion for summary judgment and post-hearing brief often consist of similar legal and factual arguments, with the latter often adjusted to take into account the developments of trial. Thus, the Court finds Pure Wafer's work on the unfiled motion was not wasted, but still reasonably contributed to its ultimate victory in the litigation. After a review of the billing records, the Court finds that Pure Wafer's attorneys' fees expended on the motion for summary judgment and supporting facts are reasonable and connected with the litigation. The Court will not reduce Pure Wafer's award for claiming those fees.

### 5. Attorneys' Fees Incurred by Pure Wafer in Preparing the Motion for Attorneys' Fees

The City argues in its Response that Pure Wafer's claim of $11,332 in fees and 31.2 hours billed for preparation of the motion for attorneys' fees is excessive. (Doc. 97 at 8). The City claims that the Pure Wafer inappropriately billed higher rates associated with more experienced attorneys when the work of a paralegal would suffice because the Court had already ruled that Pure Wafer was entitled to fees.[9] (*Id.*) Pure Wafer argues that the $11,332 claimed for preparation of the Motion for Attorneys' fees is less than 5% of its total fee request and "nothing about such a request is excessive." (Doc. 100 at 10).

A party that is entitled to fees on the merits is also entitled to compensation for time expended on the application for attorneys' fees under both section 1988 and A.R.S. section 12-341.01. *See, e.g.*, *Legal Def. Grp. v. Adams*, 657 F.2d 1118, 1126 (9th Cir. 1981) (quoting *Lund v. Affleck*, 587 F.2d 75, 77 (1st Cir. 1978)) ("It would be inconsistent with the purpose of [section 1988] to dilute an award of fees by refusing to compensate an attorney for time spent to establish a reasonable fee"); *Gametech Int'l, Inc. v. Trend Gaming Sys., L.L.C.*, 380 F. Supp. 2d 1084, 1101 (D. Ariz. 2005) (citing *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 188, 673 P.2d 927, 932 (Ct. App. 1983)) ("Arizona law supports the recovery of attorneys' fees incurred in preparing a fee application . . . . Including the reasonable time to prepare an attorney's fees application in an award of attorney's fees to the prevailing party furthers the purpose of awarding such fees and does not constitute a windfall or double recovery").

Regarding the City's claim that much of work associated with filing could have been perform by paralegals in lieu of more costly, more experienced attorneys, the City cites to no legal support for this proposition. (Doc. 97 at 8). Even though the Court had already ruled that Pure Wafer was entitled to attorneys' fees, Local Rule 54.2 still

---

[9] With respect to these fees, the City also raises again the issue of failure to comport with Local Rule 54.2. (Doc. 97 at 8). The Court already addressed the issue of failure to comport with Local Rule 54.2 above, and made reductions to the award accordingly. *Supra*, II.C.1.

- 18 -

1 required that Pure Wafer include within its motion specific components regarding
2 eligibility, entitlement, and reasonableness of the award. LRCiv 54.2(c)(1)–(3).
3 Furthermore, the City's thorough response contesting many of Pure Wafer's claimed fees
4 on several different legal grounds undermines its argument that Pure Wafer's motion did
5 not require the expertise of more experienced attorneys. Hence, the Court finds that the
6 fees Pure Wafer incurred in producing its motion for attorneys' fees is not excessive or
7 unreasonable.

8 Likewise, the additional fees that Pure Wafer's requests in its reply for the
9 production of the reply are not excessive considering the City's challenge to a substantial
10 portion of the fees requested. "Defendants are certainly entitled to litigate a fee petition
11 with vigor, but they cannot be heard to complain if that vigorous advocacy requires
12 plaintiffs to expend substantial amounts of time in response." *Golden Gate Audobon*
13 *Soc'y, Inc. v. U.S. Army Corps of Eng'rs*, 732 F. Supp. 1014, 1022 (N.D. Cal. 1989).
14 Thus, having reviewed Pure Wafer's billing records, the Court will not further reduce the
15 award for attorneys' fees for excessiveness associated with production of its motion for
16 attorneys' fees or reply.

### 6.     Summary of Reduction to Award of Attorneys' Fees

18 Pure Wafer claims a total of $240,933 in attorneys' fees. (Doc. 93 at 12–13; Doc.
19 100 at 10-11). This figure is a sum of $234,468 claimed in the motion and $6,465
20 claimed in the reply. (*Id.*) For Pure Wafer's failure to comply with Local Rule
21 54.2(e)(2)(B), the Court will reduce the award by $6,096. *Supra* II.C.1.b. For Pure
22 Wafer's failure to comply with Local 54.2(e)(2)(C), the Court will further reduce the
23 award by $44,826. *Supra* II.C.1.c. For Pure Wafer's time entries reflecting activities prior
24 to filing the complaint that the Court cannot determine are connected to the litigation, the
25 Court will reduce the ward by an additional $15,866. *Supra* II.C.2. For Pure Wafer's
26 claim for fees that were associated with regulatory compliance and not connected to the
27 litigation, the Court will further reduce the award by $736.00. *Supra* II.C.3. In sum, the
28

Court will apply a total reduction of $67,524 to Pure Wafer's claim, leaving a remaining award of $173,409.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Strike Pure Wafer's "Addendum to Plaintiff's Reply" (Doc. 103) is granted.

**IT IS FURTHER ORDERED** striking Doc. 102.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorneys' Fees (Doc. 93) is granted in part and denied in part.

**IT IS FURTHER ORDERED** awarding Pure Wafer $173,409 in attorneys' fees.

Dated this 29th day of July, 2014.

*James A. Teilborg*
Senior United States District Judge