WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pure Wafer Incorporated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>City of Prescott, et al.,<br><br>　　　　　　　Defendants. | No. CV-13-08236-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for Relief of Stay of Monetary Relief Pending Appeal (Doc. 108). The Court now rules on the motion.

**I.　Background**

On April 17, 2014, the Court entered its Findings of Fact and Conclusion of Law and Permanent Injunction. (Doc. 87). The same day, the Court entered a final judgment in favor of Plaintiff. (Doc. 88). Plaintiff subsequently timely moved for an award of attorneys' fees. (Doc. 93). While that motion was pending, Defendants filed a notice of appeal to the Ninth Circuit Court of Appeals ("Ninth Circuit") in which they appealed from the Findings of Fact and Conclusions of Law and Permanent Injunction (Doc. 87) as well as the Judgment (Doc. 88). (Doc. 95).

On July 29, 2014, the Court granted the motion for attorneys' fees and awarded Pure Wafer its fees. (Doc. 107). Defendants now move to stay enforcement of that monetary award pending the resolution of the appeal before the Ninth Circuit. (Doc. 108).

**II.　Analysis**

The parties have thoroughly briefed the issue of whether the Court should stay the

fee award. However, the Court cannot decide this issue because it is moot. A request to stay relief pending appeal presumes that the relief sought to be stayed has in fact been appealed. Defendants have not filed a notice of appeal regarding the fee award, nor have they amended their initial notice of appeal to include the fee award as a subject of their appeal. Therefore, the Court cannot stay enforcement of such relief.

It is well-settled and long-established case law in the Ninth Circuit that "[a] timely notice of appeal from the judgment or order complained of is *mandatory and jurisdictional*." *Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007) (quoting *Culinary & Serv. Emps. Union v. Haw. Emp. Benefit Admin., Inc.*, 688 F.2d 1228, 1232 (9th Cir. 1982)). "Where no notice of appeal from a postjudgment order [regarding] attorneys' fees is filed, the court of appeals lacks jurisdiction to review the order." *Id.* In *Culinary & Service Employees Union*, the plaintiffs argued that their previously-filed notice of appeal from the district court's judgment was constructively amended to include an appeal from the subsequent award of fees. 688 F.2d at 1232. The Ninth Circuit found no evidence in the record showing an actual amendment and held it had no jurisdiction to review the award. *Id.*

Similarly, in *Whitaker*, the plaintiffs argued that their notice of appeal from the district court's grant of summary judgment "automatically pended until the district court decided their request for attorney fees, and therefore, that the notice of appeal encompasse[d] the attorney fees claim." 486 F.3d at 585. The Ninth Circuit noted that the *time* for filing a notice of appeal can be altered in certain circumstances, such as if "a party files a notice of appeal before the district court has decided a motion for attorney fees, the notice does not become effective until the court decides the motion." *Id.* But the Ninth Circuit rejected the plaintiffs' argument, holding that a party "wishing to challenge the attorney fees decision 'must file a notice of appeal, or an amended notice of appeal' specifying its appeal of that decision." *Id.* (quoting Fed. R. App. P. 4(a)(4)(B)(i)); *see also* Fed. R. App. P. 3(c)(1)(B) (notice of appeal must "designate the judgment, order, or part thereof being appealed").

Finally, in *Leslie v. Grupo ICA*, 198 F.3d 1152 (9th Cir. 1999), the Ninth Circuit held that it had no jurisdiction to review a fee award that had not been timely appealed despite its reversal of the merits upon which that fee award had been based. In *Leslie*, the district court awarded attorneys' fees to defendants; part of this award was "assessed solely against [the plaintiff] on the ground that [the defendants were] the prevailing part[ies]." 198 F.3d at 1160. Although the plaintiff timely appealed the district court's grant of summary judgment to the defendants, he failed to timely appeal the order awarding fees. *Id.* On the merits appeal, the Ninth Circuit reversed the district court's grant of summary judgment to defendants but nonetheless refused to reverse the fee award, concluding that "[t]he award of fees and costs is a collateral issue . . . and our appellate jurisdiction over the merits of [the plaintiff's] appeal from the district court's summary judgment does not imbue us with jurisdiction to review the fee award." *Id.* (citation omitted).

In this case, Defendants have not timely filed a notice of appeal from the Court's award of attorneys' fees, nor have they timely amended their previously-filed notice of appeal from the merits judgment. Consequently, on this record, it appears that the Ninth Circuit would not have jurisdiction over the award of attorneys' fees. Therefore, the Court will deny Defendants' request for a stay.[1]

### III. Conclusion

For the foregoing reasons,

/
/
/
/
/

---

[1] Defendants are not without recourse. If the Ninth Circuit reverses the Court's merits judgment in this case, Defendants will likely have a remedy under Federal Rule of Civil Procedure 60(b)(5) for reversal of the fee award. *See Cal. Med. Ass'n v. Shalala*, 207 F.3d 575, 577-78 (9th Cir. 2000).

1          **IT IS ORDERED** denying Defendants' Motion for Stay of Monetary Relief
2   Pending Appeal (Doc. 108).
3          Dated this 23rd day of September, 2014.

James A. Teilborg
Senior United States District Judge