**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pure Wafer Incorporated,<br><br>               Plaintiff,<br><br>v.<br><br>City of Prescott, et al.,<br><br>               Defendants. | No. CV-13-08236-PCT-JAT<br><br>**ORDER** |

Pending before the Court is the City Defendants' Motion for Clarification of Attorneys' Fees Award and Costs Award (Doc. 111). The Court now rules on the motion.

Defendants contend in this motion that the Court's award of attorneys' fees to Pure Wafer (Doc. 107) was ambiguous because it did not specify "against which defendant(s) the award was made." (Doc. 111 at 2). The Court's Order stated that "**IT IS FURTHER ORDERED** awarding Pure Wafer $173,409 in attorneys' fees." (Doc. 107 at 20).

Defendants argue that this award was ambiguous as to whether Pure Wafer may recover from the individual defendants, who are named solely in their official capacities. (Doc. 111 at 2). Defendants ask the Court to clarify that the award of attorneys' fees and costs is recoverable from only the City of Prescott. (*Id.*) Pure Wafer disagrees that clarification is necessary, but agrees that only the City of Prescott is responsible for payment of attorneys' fees and costs. (Doc. 112 at 1-2). Pure Wafer stated in its response that it would agree to a "proposed stipulated order to this effect." (*Id.* at 2). The City has since submitted a proposed order.

1  At the time of issuing the award, the Court contemplated this same question of
2  against which parties the award should be made. The Court could not discern a principled
3  legal reason for entering an award against fewer than all Defendants. Additionally, the
4  Court's decision was guided by the well-established proposition that when a
5  governmental official is named as a defendant in his or her official capacity only, any
6  award of monetary damages is recoverable only against the governmental entity. *See*
7  *Cmty. House, Inc. v. City of Boise*, 623 F.3d 945, 966-67 (9th Cir. 2010). The Court finds
8  no ambiguity in its Order awarding of attorneys' fees and costs.

9  Nevertheless, because the parties have stipulated that the award shall be
10 recoverable only from the City of Prescott, the Court grants the parties' stipulation.[1]
11 Accordingly,

12 **IT IS ORDERED** granting the City Defendants' Motion for Clarification of
13 Attorneys' Fees Award and Costs Award (Doc. 111), which is now a stipulation as
14 follows: Pure Wafer shall collect all awards of attorneys' fees and costs from only the
15 City of Prescott. Pure Wafer shall not attempt to collect any such awards from any
16 individual Defendant.

17 Dated this 24th day of September, 2014.

James A. Teilborg
Senior United States District Judge

---

[1] Absent this stipulation, the City's request would be untimely because any motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).