**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pure Wafer Incorporated, | No. CV-13-08236-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| City of Prescott, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Pure Wafer, Inc.'s ("Pure Wafer's") Motion for Attorneys' Fees. ("Motion," Doc. 142; *see also* Doc. 142-1). After reviewing the City of Prescott's (the "City's") Response, (Doc. 143), and Pure Wafer's Reply, (Doc. 144), the Court now rules on the Motion.

**I.    BACKGROUND**

The Court previously detailed the factual and procedural background in its Findings of Fact and Conclusions of Law and Permanent Injunction (the "Findings and Conclusions"). (*See* Doc. 87 at 1–13). After a bench trial, the Court found that the City violated the Contract Clause of the U.S. Constitution when it declared that its sewage treatment plant would no longer accept effluent discharged by Pure Wafer. (*See id.* at 13–29). Because the Court found in favor of Pure Wafer on its Contract Clause claims, it did not reach the merits of Pure Wafer's alternative claims for breach of contract and the implied covenant of good faith and fair dealing resulting from the parties' obligations under a Development Agreement. (*Id.* at 29). The Court also granted Pure Wafer's

request for a permanent injunction, enjoining the City from enforcing various provisions of the City's Ordinance No. 4856-1313 (the "Ordinance") against Pure Wafer. (*See id.* at 29–32). The Court finally entered a final judgment in Pure Wafer's favor. ("Judgment," Doc. 88).

The City appealed the Findings and Conclusions as well as the Judgment. (Doc. 95). The Ninth Circuit Court of Appeals (the "Ninth Circuit") affirmed-in-part and reversed-in-part and remanded for further proceedings. *Pure Wafer Inc. v. City of Prescott*, 845 F.3d 943, 959 (9th Cir. 2017). In particular, the Ninth Circuit held:

> [W]hile the City prevails on its appeal of the Contract Clause issue, judgment for Pure Wafer can be sustained on the alternative ground that the City has breached its contract with Pure Wafer. We leave it for the district court on remand to decide the appropriate remedy.

*Id.* at 958. The Ninth Circuit also affirmed the Court's judgment on the City's counterclaim. *Id.* at 958 n.14.

After the Ninth Circuit issued its opinion, Pure Wafer filed its motion for attorneys' fees with the Ninth Circuit. (Doc. 142-1 at 10). The Ninth Circuit subsequently filed an order remanding Pure Wafer's motion for attorneys' fees to this Court.[1] (Doc. 136). The Court then issued an order allowing the parties to refile the same pleadings regarding the motion for attorneys' fees that they filed with the Ninth Circuit. (Doc. 140).

## II. LEGAL STANDARD

Ninth Circuit Rule 39-1.6 governs the procedure for attorneys' fees motions on appeal. This rule sets forth the required content of the memorandum in support of the motion, the necessary supporting documentation—including an itemized statement of fees, a showing that the hourly rates are legally justified, and an affidavit attesting to the accuracy of the information—and the format and description requirements of the itemized statement. 9th Cir. R. 39-1. The parties' Development Agreement provides that

---

[1] The City argues that the Ninth Circuit lacked jurisdiction over the attorneys' fees motion because the Ninth Circuit had already filed its mandate. (Doc. 143-1 at 2). Because the Ninth Circuit remanded the Motion to this Court, this argument is moot.

"the prevailing party shall be entitled to reasonable attorneys' fees and all reasonable costs, expenses, and disbursements in connection with such action." (Doc. 1-1 at 16).

### III. ANALYSIS

Pure Wafer seeks an award of $87,548.12 in attorneys' fees and an additional $8,554.25 in other litigation costs and expenses, for a total of $96,102.37. (Doc. 142-1 at 4). The City argues that Pure Wafer is not entitled to these fees, costs, and expenses because: (1) Pure Wafer is not the prevailing party; (2) Pure Wafer seeks costs unrelated to the appeal, improperly seeks costs, and seeks costs that are unreasonable; (3) Pure Wafer's request is a procedurally deficient collateral attack on the Court's determination that costs are not appropriate in this case; and (4) Pure Wafer's requested attorneys' fees are unreasonable and should be reduced by at least $32,899.37, if awarded. (*See* Doc. 143 at 2–7).

#### A. Prevailing Party

The City argues that Pure Wafer is not the prevailing party because the matter was remanded to this Court and some of Pure Wafer's arguments were rejected on appeal. (Doc. 134-1 at 3). The Ninth Circuit held "judgment for Pure Wafer can be sustained on the alternative ground that the City has breached its contract with Pure Wafer." *Pure Wafer*, 845 F.3d at 959. Although, the Ninth Circuit noted that the City prevailed on its Contract Clause argument, Pure Wafer is ultimately the prevailing party as the City was found to have breached the Development Agreement. *Id.* Thus, the City's argument is rejected.

#### B. Costs on Appeal

The City advances a few arguments as to why Pure Wafer is not entitled to costs related to the appeal. First, the City argues that Pure Wafer seeks fees and costs unrelated to the appeal, improperly seeks costs, and seeks unreasonable costs. (Doc. 143-1 at 4). Second, the City argues that Pure Wafer's request for costs is a procedurally deficient collateral attack on the Ninth Circuit's ruling that each party shall bear its own costs on appeal. (*Id.* at 9). Pure Wafer rejoins that the expenses it seeks are "far broader than

'taxable costs.'" (Doc. 144-1 at 4). Further, Pure Wafer argues that under the language of the Development Agreement, it is entitled to "all reasonable costs, expenses, and disbursements in connection with such action." (*Id.* at 3).

While the Development Agreement could be interpreted to include certain costs and expenses, the Ninth Circuit specifically ordered "each party shall bear its own costs on appeal." *Pure Wafer*, 845 F.3d at 959. This Court is bound by the ruling of the Ninth Circuit and will not award costs. After reviewing Pure Wafer's requested "litigation expenses," the Court finds that the expenses are all "costs" and, thus, not recoverable under the Ninth Circuit's mandate. (*Id.*). Therefore, the Court will not award the $8,554.25 of "expenses" or costs requested by Pure Wafer. (Doc. 142-1 at 24, 32).

### C. Reasonableness of Attorneys' Fees

The City argues that some of Pure Wafer's requested fee amounts are unreasonable. (Doc. 143-1 at 4). Specifically, the City claims that the Court should reduce Pure Wafer's requested attorneys' fees because: (1) certain time entries are related to prior work before this Court and not related to the appeal; (2) some items are related to a voluntarily dismissed Ninth Circuit appeal; (3) it is unreasonable to take 22 hours to update case law after filing its brief and before oral argument; (4) it is unreasonable to recover for preparation for a mediation that Pure Wafer withdrew from; and (5) it is unreasonable to recover fees for litigating the ultimately unsuccessful Contract Clause claim. (*Id.* at 4–7).

#### 1. Attorneys' Fees Unrelated to the Appeal

The City argues that certain entries are unreasonable because they are not part of the appeal and, instead, relate to this Court's "entry, stay, and collection of an attorneys' fees judgment." (*Id.* at 4). Pure Wafer argues that under the Development Agreement, it is entitled to all reasonable attorneys' fees related to such action, which are "not limited to attorneys' fees and expenses incurred in briefing and arguing the Court of Appeals." (Doc. 144-1 at 3 (quotation marks omitted)). The Court disagrees. This Motion was filed

- 4 -

with the Ninth Circuit, and, thus, the fees must relate to the Ninth Circuit appeal.[2] Therefore, the fees incurred in litigation before this Court—$9,997.50,[3] (*see* Doc. 143-2 at 2–3)—are not recoverable as part of the Ninth Circuit appeal.

### 2. Attorneys' Fees Related to a Separate Appeal

The City argues that fees related to a separate appeal to the Ninth Circuit, which was voluntarily dismissed, are not recoverable. (Doc. 143-1 at 4). Pure Wafer argues that because the appeal arose out of this action, it should be recoverable. (Doc. 144-1 at 4). The Court agrees with the City—because the appeal was voluntarily dismissed, there was no prevailing party. Therefore, the Court will not award attorneys' fees for litigating the separate appeal. These fees are entirely duplicative of the $9,997.50 the Court deemed unrecoverable in the prior section. *See supra* Section III.C.1.

### 3. Attorneys' Fees Related to Updating Case Law

The City next argues that Pure Wafer's requested fees for updating case law are unreasonable. (Doc. 143-1 at 5). Pure Wafer claims that these expenses were necessary for counsel to determine "whether any of the previously cited authorities have been overruled, criticized, or questioned; or . . . whether new cases have been decided that are pertinent to the issues briefed." (Doc. 144-1 at 5). While the Court agrees with Pure Wafer that some updating of research is necessary, the Court finds that the total amount of attorneys' fees—which accrued from work completed after Pure Wafer's brief was filed—relating to this research are unreasonable. *See Cabrales v. Cty. of L.A.*, 875 F.2d 740, 741 (9th Cir. 1989) (reducing attorneys' fees for duplicative research of cited cases). Beyond the entries contested by the City, Pure Wafer's counsel updated case law on other occasions in preparation for the Ninth Circuit oral argument and the Court will not reduce the uncontested, non-duplicative updating research fees. (*See, e.g.*, Doc. 142-1 at 31–32).

---

[2] While Pure Wafer may be correct that it might be able to recover attorneys' fees pursuant to the Development Agreement, these attorneys' fees are not procedurally recoverable as part of this Motion filed as part of the appeal.

[3] Although the City's calculation of these fees is $9,998.00, the Court's own calculation of these fees is $9,997.50.

However, because Pure Wafer had already filed its appellate brief, the Court finds it unreasonable that Pure Wafer spent over 22.9 hours[4] updating case law. Therefore, the Court will reduce some of the fees[5] related to Pure Wafer's updating of case law; this reduces Pure Wafer's requested fee amount by $8,015.00, (*see* Doc. 143-2 at 5).

### 4. Attorneys' Fees Related to the Ninth Circuit Mediation Program

The City additionally argues that the Court should reduce Pure Wafer's requested fees related to the Ninth Circuit's mediation program because "Pure Wafer refused to participate in [the mediation] and actually withdrew from it." (Doc. 143-1 at 6). Pure Wafer argues that it did not refuse to participate in the mediation, and the fees regarding mediation were incurred in connection with the appeal. (Doc. 144-1 at 4). Fees related to the Ninth Circuit's mediation program are reasonable. *See Seven Signatures Gen. P'ship v. Irongate Azrep BW LLC*, Civil No. 11-00500 JMS-RLP, 2014 WL 4129522, at *3 (D. Haw. Aug. 18, 2014). Despite the fact that the mediation did not occur, it is reasonable for an attorney to prepare for the mediation. Further, these fees relate to the appeal. Therefore, the Court will not reduce the amount of fees relating to preparation for the mediation.

### 5. Attorneys' Fees Related to Contract Clause Argument

Finally, the City argues that, because Pure Wafer's Contract Clause argument was unsuccessful, any fees related to the Contract Clause claim are presumptively unreasonable. (Doc. 143-1 at 6–7). Pure Wafer does not clearly address this argument in its Reply. Nonetheless, the Court rejects this argument. Pure Wafer remains the prevailing party on appeal despite losing on some of its arguments. Therefore, the Court declines to reduce Pure Wafer's fees related to the Contract Clause argument.

///

---

[4] Although the City's Itemized Objection #2 purportedly objects to only 18.5 hours, the City lists 22.9 hours. (Doc. 143-2 at 4). This oversight is confirmed by the City's correct calculation of the contested $8,015.00 fee amount.

[5] As the Court noted, the City does not object to all entries related to Pure Wafer's updating of case law in preparation for oral argument. (*See, e.g.*, Doc. 142-1 at 31–32).

### D. Summary

Pure Wafer requests a total of $96,102.37 in attorneys' fees, costs, and expenses. (Doc. 142-1 at 4). Consistent with the Ninth Circuit's mandate, the Court will subtract $8,554.25, representing Pure Wafer's costs, from Pure Wafer's requested amount. The Court will also subtract $9,997.50, representing work related to a voluntarily dismissed Ninth Circuit appeal and unrelated to the appeal-at-issue, from Pure Wafer's requested amount. Finally, the Court will reduce Pure Wafer's requested amount by $8,015.00, representing the unreasonable time spent updating case law after Pure Wafer's appellate brief was filed. In sum, the Court reduces Pure Wafer's requested amount by $26,566.75, for a total award of $69,535.62.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Pure Wafer's Motion for Attorneys' Fees, (Doc. 142), is **GRANTED** in the amount of $69,535.62.

Dated this 31st day of July, 2017.

James A. Teilborg
Senior United States District Judge